**WO**  BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Calvin James, | No. CV 04-2983-PHX-MHM (VAM) |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| vs. | |
| Joseph Arpaio, et al., | |
| Defendants. | |

Plaintiff Calvin James, formerly confined in the Echo Unit of the Arizona State Prison Complex in Tucson, Arizona, filed a *pro se* 42 U.S.C. § 1983 action.

**A.  Motion to Proceed *In Forma Pauperis***

Because Plaintiff was a prisoner at the time he filed his Complaint, he became obligated to pay the $150.00 civil action filing fee. See Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) (providing that "[u]nder the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee."); 28 U.S.C. § 1915(b)(1). He applied to proceed *in forma pauperis* without *prepayment* of the fees. (Doc. #5). His motion will be granted.

Normally, after granting leave to proceed *in forma pauperis*, the Court orders the inmate's custodian to periodically withdraw funds from the inmate's account according to a statutory formula in 28 U.S.C. § 1915(b)(2) until the $150.00 filing fee is paid in full. Plaintiff, however, no longer has an inmate trust account. Soon after filing his Complaint, he submitted a change of address to a private residence, showing that he had been released

JDDL

1   from jail. See Dkt. #6. Consequently, the $150.00 civil action filing fee is now due in full
2   unless Plaintiff can show good cause within **thirty days** why he should not be required to
3   pay it immediately.

4   To comply, Plaintiff must file a pleading entitled "Response." The response must be
5   made under penalty of perjury. See 28 U.S.C. § 1746 (the oath requirement may be satisfied
6   when a person declares under penalty of perjury that the submission is true and correct, and
7   signs and dates the statement). Plaintiff must *either* (1) identify his date of release and
8   promise to pay the $150.00 filing fee within 120 days of the date of his release, or (2) show
9   good cause why he should not be required to pay the fee within 120 days. If Plaintiff
10  chooses to demonstrate good cause, he must describe his current financial condition in detail,
11  including his sources of income, whether he is employed, and any liabilities he may have.
12  Of course, Plaintiff may simply submit the $150.00 filing fee in lieu of a response.

13  **B.    Motion to Quash**

14  Plaintiff filed a "motion to quash" his filing fee. (Doc. #4). Plaintiff filed an initial
15  *pro se* § 1983 action, James v. Arpaio, CV-03-2111-PHX-JWS (VAM), arguing that his
16  constitutional right to access the courts had been denied. This Court dismissed Plaintiff's
17  Complaint with leave to amend. Plaintiff failed to timely amend his Complaint, and in June
18  2004, it was dismissed without prejudice.

19  In December 2004, Plaintiff filed the instant action, raising the identical access to
20  court claims. (Doc. #1). Plaintiff argues in his motion to quash that he attempted to file an
21  amended complaint in his initial § 1983 action, but could not do so due to this Court issuing
22  an order with the wrong name and the wrong case number. Thus, Plaintiff argues, because
23  the instant action is the same as the one mistakenly dismissed, he should not have to pay a
24  second filing fee. Plaintiff seeks to have the amount he paid in the first action, $124.00,
25  applied to the instant case.

26  "The clerk of each district court shall require the parties instituting any civil action,
27  suit or proceeding in such court, whether by original process, removal or otherwise, to pay
28  a filing fee." 28 U.S.C. § 1914; see also 28 U.S.C. § 1915(b) (providing that a prisoner

JDDL                                                  - 2 -

1  bringing an action *in forma pauperis* is required to pay the filing fee).  Plaintiff was assessed
2  a filing fee for his initial § 1983.  When that action was dismissed, Plaintiff chose to file a
3  second action raising the identical claims.  Plaintiff is required to pay the filing fee for both
4  actions, even though the claims are identical.  Accordingly, Plaintiff's motion to quash will
5  be denied.

6  **C.     Motion for Case Status**

7  Plaintiff also requested that he be informed of the status of his case. (Doc. #6).  His
8  motion will be denied as unnecessary as the status of his case is addressed in the instant
9  order.

10  **D.     Rule 41 Warning**

11  Plaintiff should take notice that if he fails to timely comply with every provision of
12  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
13  41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258 (9th
14  Cir. 1992) (district court may dismiss action for failure to comply with any order of the
15  court).  In addition, until the method of collection of the filing fee is resolved, the Court will
16  not screen his action under 28 U.S.C. § 1915A.

17  **IT IS THEREFORE ORDERED THAT:**

18  (1) Plaintiff's motion to proceed *in forma pauperis* (Dkt. #5) without *prepayment* of
19  the civil action filing fee is **granted.**

20  (2)  Plaintiff shall have **thirty (30) days** from the date this Order is filed to either pay
21  the $150.00 filing fee in full or to respond as described in this Order.

22  (3) Plaintiff's Motion to Quash (Doc. #4) is **denied**.

23  (4) Plaintiff's Motion for Case Status (Doc. #6) is **denied as unnecessary**.

24  (5)  At all times during the pendency of this action, Plaintiff shall immediately advise
25  the Court and the United States Marshal of any change of address and its effective date.
26  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall
27  contain only information pertaining to the change of address and its effective date.  Plaintiff
28  shall serve a copy of the notice on all opposing parties.  The notice shall not include any

motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

(6)   The Clerk of Court is directed to enter a judgment of dismissal of this action without prejudice and without further notice if Plaintiff fails to comply.

DATED this 8th day of January, 2006.

_____
Mary H. Murguia
United States District Judge

JDDL